UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:04CV1364 HEA |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Frederick R. Buckles Report
and Recommendation, [#18], that Michael A. Clark's *pro se* Petition for Writ of
Habeas Corpus be considered timely filed under 28 U.S.C. §2244(d)(1). Judge
Buckles also recommended that Respondent be ordered to show cause why,
procedurally or substantively, the claims raised in Petitioner Clark's petition should not
be granted. Both Petitioner Clark and Respondent Roper have filed written objections
to the Report and Recommendation. Pursuant to 28 U.S.C. § 636, the Court will
therefore conduct a *de novo* review of those portions of the Report and
Recommendation to which objections are made.

### Procedural Background

Petitioner Michael A. Clark is currently incarcerated at the Potosi Correctional

Dockets.Justia.com

Center in Mineral Point, Missouri, where he is serving a term of imprisonment. Petitioner was found guilty in the Circuit Court of St. Louis County, Missouri of concealment of a controlled substance at a correctional facility, in violation of Section 217.360(1) of the Missouri Revised Statutes, and he was sentenced to nine-years.

Petitioner appealed his conviction and sentence, and on April 24, 2001, the Missouri Court of Appeals affirmed the judgment of the trial court in *State v. Clark,* 44 S.W.3d 429 (Mo. Ct. App. 2001) (per curiam).[1] Petitioner then filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 on June 18, 2001, which was denied, and the denial was affirmed by the Missouri Court of Appeals on October 7, 2003. *Clark v. State,* 119 S.W.3d 154 (Mo. Ct. App. 2003) (per curiam). No other action was pursued by Petitioner in state court, nor did he file a petition for writ of certiorari in the U.S. Supreme Court. Petitioner's instant petition was signed by him on September 27, 2004 and was received and filed by the Court on October 6, 2004.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 requires a state prisoner seeking federal habeas relief to file his petition within one year after his state

---

[1]Petitioner Clark did not thereafter seek transfer to the Missouri Supreme Court nor did he file a petition for writ of certiorari in the United States Supreme Court.

conviction becomes final.  28 U.S.C. §2244(d)(1)(A).  For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

In the instant petition for writ of habeas corpus, Petitioner Clark raises various claims for relief.  Respondent, on the other hand, seeks dismissal of the petition arguing that the petition was not timely filed, because direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the petition pursuant to 28 U.S.C. §2244(d)(1).  The Eighth Circuit held in *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir. 1998), that the running to the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either:

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

As stated, Petitioner did not file a petition for writ of certiorari, thus, his state court judgment became final upon the expiration of his time to file such a petition.  *Id.*; *see also Nichols v. Bowersox,* 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc).  Likewise, the petitioners in *Nichols* did not file petitions for writ of certiorari in the United States Supreme Court, but the court said, "[a]ccording to *Smith*, the dates on

which the judgments became final within the meaning of § 2244(d)(1)(A) are therefore determined by 'the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari].'" *Nichols,* 172 F.3d at 1072 (*citing Smith,* 159 F.3d at 348); *see also Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir. 2003) and *Williams v. Bruton,* 299 F.3d 981, 982 (8th Cir. 2002). Thus, the petitioners' state court judgment became final under § 2244(d)(1)(A) upon the expiration of their time to file a petition for a writ of certiorari.

Under United States Supreme Court Rule 13, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for a writ of certiorari. Rule 13 provides:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition fo a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

In consideration of Rule 13 and *Smith,* the Eighth Circuit stated "with certainty that [a petitioner's] judgment [becomes] final within the meaning of § 2244(d)(1)(A) no earlier than . . . 90 days after his conviction was affirmed on direct appeal."

*Nichols,* 172 F.3d at 1072.

In this case, Petitioner's conviction was affirmed on direct appeal to the Missouri Court of Appeals on April 24, 2001. Petitioner did not file a petition for writ of certiorari, so his state court judgment became final on July 23, 2001, ninety days after his conviction was affirmed. However, the one-year time period under § 2244(d)(1)(A) did not actually begin running then, because on June 18, 2001, Petitioner filed a state petition for post-conviction relief. "[U]nder § 2244(d)(2), the limitation period is tolled while 'a properly filed application for State post-conviction or other collateral review . . . is pending.'" *Williams,* 299 F.3d at 982 (*citing* 28 U.S.C. § 2244(d)(2)); *see also Carey v. Saffold,* 536 U.S. 214, 219-20 (2002) (where Court held that until an application for state post-conviction or other collateral review "has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'").[2] The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief petition on October 7, 2003. Petitioner had 15 days thereafter to file an Application for Transfer to the Missouri Supreme Court, which he did not do.[3]

---

[2]The ninety days within which to file a petition for writ of certiorari to the U.S. Supreme Court after denial of post-conviction relief is not tolled, however. *Jihad v. Hvass,* 267 F.3d 803, 805 (8th Cir. 2001).

[3]Missouri Supreme Court Rule 83.02 provides: Application by a party for [transfer to the Missouri Supreme Court] shall be filed [with the Court of Appeals] within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed.

Therefore, after October 22, 2003, Petitioner could no longer proceed in the appeal process relating to post-conviction review, and the tolling of the one-year limitations period ended.[4]  Thus, Petitioner had one year–until midnight on October 21, 2004–by which to file a federal habeas petition.  Clark's petition was received by the Court on October 6, 2004, fifteen days prior to the October 21, 2004 deadline.  The Court finds, therefore, that the petition was timely filed.

Respondent objects to the Report and Recommendation and argues that the petition was not timely filed, because Petitioner did not exhaust his state-court remedies.  Respondent admits the procedural history and dates on which Petitioner's cases were affirmed are undisputed, but claims that "the expiration of time for seeking further direct review occurred 15 days after the April 24, 2001 affirmance or May 9, 2001."  In other words, since Petitioner failed to file a Petition for Rehearing or an application to transfer with the Missouri Court of Appeals, Respondent claims that Petitioner was "ineligible" to file a petition for writ of certiorari with the U.S. Supreme Court.  Because he was ineligible, Petitioner had one year from May 9, 2001 (the expiration of time for seeking further direct review) to submit his petition for writ of habeas corpus.  Respondent argues that since Petitioner failed to file his petition within

_____

[4]Tolling of the one-year limitations period in Petitioner's case occurred from July 23, 2001 through October 22, 2003.

one year of that date, the instant petition is untimely.

Respondent cites to the language of 28 U.S.C. § 1257 which governs the issue of certiorari jurisdiction of the United States Supreme Court. Section 1257 provides in relevant part:

> (a) Final judgments or decrees rendered by the highest court of a State in which a decision *could be had*, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257(a) (emphasis added).

Respondent contends that § 1257 requires that the "highest court" of the state render a final judgment before certiorari jurisdiction can be extended to the United States Supreme Court.

Respondent's strict reading of § 1257 is incorrect, however, particularly in light of the recent Eighth Circuit case-law which speaks to this issue. *See generally Randolph v. Kemna,* 276 F.3d 401 (8th Cir. 2002). In *Randolph*, the Court held that Missouri law does not require the filing of a petition for transfer to the Missouri Supreme Court for state remedies to be deemed exhausted. *Id.* at 403. The Court examined Missouri's appellate review scheme in light of the U.S. Supreme Court's

- 7 -

ruling in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) and the Missouri Supreme Court's recent amendment of Rule 83.04, which governs petitions for transfer to the Missouri Supreme Court. In *O'Sullivan*, the U.S. Supreme Court required prisoners to exhaust their state remedies by pursuing discretionary review of their claims by petitioning for transfer to their state supreme court. *Randolph*, 276 F.3d at 402-03. The *Randolph* Court noted that in a previous case, *Dixon v. Dormire*, 263 F.3d 774 (8th Cir. 2001), it "ruled that Missouri's scheme required prisoners to move for transfer to the Missouri Supreme Court in order to exhaust their state remedies." *Randolph*, 276 F.3d at 403 (*citing Dixon*, 263 F.3d at 780). "In ruling for petitioners, however, we found that the petitioners had relied on the State's eight-year practice of not asserting the defense of failure to exhaust." *Id*. The Court's decision in *Dixon* was based on two interrelated premises. First "'[a] state procedural rule only prevents federal review where it is 'a firmly established and regularly followed state practice' . . . [and second,] . . . because the State's regular practice was to not plead failure to exhaust, the *Dixon* petitioners were lulled into believing that the State 'would not assert a failure to seek discretionary review as a defense in federal court.'" *Id*. (*citing Dixon*, 263 F.3d at 781). The *Randolph* Court also made clear that the Missouri Supreme Court, in its amendment to Rule 83.04, no longer considers transfers to that Court as part of the

standard review process.[5]  The amendment added the following sentence:

> Transfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review.

*Randolph,* 276 F.3d at 404 (*citing* MO. SUP. CT. R. 83.04).  In fact, the *Randolph* Court pointed out, "*O'Sullivan* held that where a state articulates that a certain avenue is not part of its appellate review process, it is not necessary that prisoners pursue that avenue."  *Id.* (*citing O'Sullivan*, 526 U.S. at 847-48).  The Court concluded that the amendment to Rule 83.04 "constitutes an unequivocal statement" about where Missouri's established appellate review process stops and makes clear that Missouri does not consider a petitioner who bypasses his state supreme court in favor of federal habeas review to have denied the State of its rightful opportunity to resolve federal constitutional claims.   *Id.*  As such, this Court finds Michael Clark's Petition to have been timely filed on October 6, 2004.  Respondent's objection to Judge Buckle's Report and Recommendation, therefore, is overruled.

Petitioner Clark objects to the Report and Recommendation, but not as to the issue of timeliness.  Judge Buckles' recommended that Respondent be ordered to show cause why, procedurally or substantively, the claims raised in the petition for writ of habeas corpus should not be granted.  Petitioner contends that Respondent has been

---

[5]The amendment to Missouri Supreme Court Rule 83.04 became effective on July 1, 2002.

given "an unlimited time span" within which to respond to the show cause order. The recommendation, however, is that cause be shown. No time frame would be given in the recommendation, since a time frame would only be prescribed *after* this Court adopts the recommendation. Petitioner's objection, therefore, is overruled.

The Court therefore adopts Judge Buckles's well reasoned Report and Recommendation in its entirety. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael A. Clark's petition for writ of habeas corpus is timely filed under 28 U.S.C. § 2244(d)(1);

**IT IS FURTHER ORDERED** that within thirty (30) days from the date of this order Respondent show cause why, procedurally or substantively, the claims raised in Petitioner Michael Clark's petition for writ of habeas corpus should not be granted.

Dated this 25th day of July, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE